IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Norma N. Torres-Pacheco

Petitioner,

v.

United States of America

Respondent.

Civil No. 16-2684 (DRD)

## OPINION AND ORDER

Pending before the Court is Petitioner Norma N. Torres-Pacheco's *Motion to Correct Sentence under 28 U.S.C. § 2255* imposed in criminal case 3:12-cr-00768. See Docket No. 1, see also 28 U.S.C. § 2255.[1] For the reasons provided below, the Court **DENIES** Petitioner's *Motion to Correct Sentence under 28 U.S.C. § 2255*.

### I. FACTUAL AND PROCEUDRAL BACKGROUND

On August 1, 2016, a Petitioner Norma N. Torres-Pacheco ("Petitioner") plead guilty to a count of Conspiracy of at least 400 grams but less than 500 grams of cocaine in violation of 21 U.S.C. § 846. See Docket No. 689 of criminal case USA v. Perez-Casino et al., 3:12-cr-00768. The Petitioner was provided an offense level of 22 points under the guideline for the crime and further Petitioner was granted a three-point reduction after accepting responsibility. As a result, Petitioner had a total sentencing guideline of 19 points with a Criminal History of 1. Petitioner contends that she did not receive a 2-point reduction as required pursuant to U.S.C. § 3B1.2. See Docket No. 1, at 1 (regarding 794 Amendment to reduce a drug related criminal sentence).

---

[1] The Petitioner accompanied her *Motion to Correct Sentence under 28 U.S.C. §2255* with a *Memorandum of Law in Support to Correct Sentence under 28 U.S.C. §2255*. See Docket No. 1, at 3.

Petitioner was then sentenced on August 21, 2015 to twenty-four (24) months of imprisonment. See Crim. Docket No. 689. Petitioner did not appeal the sentence and instead filed a *Motion to Correct* her sentence. She alleges that the Ninth Circuit case of United States v. Quintero-Levya, 823 F.3d 519 (9th Cir. 2016), decided on May 16, 2016, should be applied retroactively to her case. See Docket No. 1. Said case stated that Amendment 794, which amended § 3B1.2 of the U.S. Sentencing Guidelines regarding sentencing for a minor role in a criminal proceeding, should be applied retroactively to direct appeals. Petitioner alleges that if said Amendment would have been applied to her case, she would have been eligible for further reductions in her sentence. See Docket No.1, at 2. Petitioner alleged in her *Motion to Correct* that her petition was timely because she filed it within one year of the Ninth Circuit decision and in compliance of the one year requirement in which Amendment 794 took place. Id.

On January 20, 2017, the United States filed a *Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255* (Docket No. 5). The United States averred that Petitioner's motion was time barred. It also claimed that Amendment 794 was not retroactively applicable on collateral review.

## II. ANALYSIS

**A. § 2255 statute of limitations:**

Cases arising under 28 U.S.C. § 2255(f) must abide by a one-year statute of limitations. This period shall run from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The First Circuit has regularly held that "section 2255(f)'s one year limitations period is subject to equitable tolling in appropriate circumstances." Ramos-Martínez v. United States, 638 F.3d 315 (1st Cir. 2011). This holding is consistent with the decision of renowned Supreme Court case Holland v. Florida, 560 U.S. 631 (2010), which stated that pursuant to 28 U.S.C. § 2244, "the federal habeas corpus statute is subject to equitable tolling." Id. at 634. The First Circuit's decision in Ramos-Martínez would then state that "[g]iven the compelling textual similarity and congruent purpose that section 2244(d) and section 2255(f) share..., we hold that section 2255(f)'s one-year limitations period is subject to equitable tolling in appropriate instances." Ramos, 638 F.3d at 322.

In order to be considered eligible to receive the benefit of equitable tolling, the petitioner must prove the following two conditions "that he exercised reasonable diligence in trying to preserve his rights [and]… was prevented from timely filing by extraordinary circumstances." Dominguez v. Duval, 527 Fed Appx. 38 (1st Cir. 2016) (quoting Holland, 560 U.S. at 649.)

In the case at bar, Petitioner's judgment was entered on August 21, 2015. As previously stated, § 2255, in particular subsection (f)(1), provides that motions must be filed within one year of the date on which judgement of conviction became final. As such, the United States claims that since the Petitioner's sentence became final on September 5, 2015, she should have filed the instant petition on or before September 5, 2016. This date takes into account the fact that pursuant to the Federal Rules of Appellate Procedure, particularly Rule 4(b), "[i]n a criminal

case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A).

In the present case, Petitioner therefore had until September 5, 2015 to file her appeal. However, when appellate review "is not sought, the judgment becomes 'a final judgment for habeas purposes once the deadline for filing a notice of appeal expire[s] 14 days later.'" Reyes-Santana v. United States, 2017 WL 1321983, at *1 (D.P.R. 2017) (citing United States v. Gilbert, 807 F.3d 1197, 1200) (9th Cir. 2015) (internal citations omitted)). Torres-Pacheco instead signed and dated her § 2255 motion, which Petitioner seems to believe is akin to filing an appeal, on September 13, 2016, well past the 14-day time limit imposed by the Rule 4(b) and after the one-year deadline established by § 2255(f). See Docket No. 1, at 7. Furthermore, the Petitioner presented no explanation as to her delay in filing the habeas corpus proceeding.

The Petitioner thus fails to meet the conditions set forth by the Holland Court in order to benefit from equitable tolling. Therefore, absent any exception, a petition filed outside of the one-year term set forth in § 2255(f) is to be deemed untimely. See Lattimore v. Dubois, 311 F. 3d 46 (1st Cir. 2002) (holding that a petition which had been mailed from prison one day after expiration of grace period of limitations, could not be deemed timely filed). In regards to confusion over applicable deadline related to filing of an appeal, see United States v. Marcello, 212 F. 3d 1005, 1010 (1st Cir. 2000).

**B. UNITED STATES SENTENCING COMISSION AMENDMENT 794:**

Petitioner also claims entitlement to the retroactive application of the United States Sentencing Guidelines Amendment 794 which revised the commentary to the minor role Guideline, U.S.S.G. § 3B1.2. Said Amendment adopted the approach of the Ninth and Seventh

Circuits stating that "when a district court conducts an assessment of whether a defendant should receive a role reduction, 'the defendant is to be compared with the other participants' in the crime, not with a hypothetical average participant." Quintero-Leyva, 823 F. 3d at 523. However, Petitioner's Amendment 794 cannot be retroactively applied to a collateral review of a sentence because it can only be applied retroactively to a direct appeal. Quintero-Leyva, 823 F. 3d at 524; see also United States v. Barnes, 2017 WL 4324701, at *3 (E.D. Va. 2017); Shepard-Fraser v. United States, 2017 WL 1386333, at *2 (D.P.R. 2017); Herrera v. United States, 2016 WL 6476290, at *1 (D. Md. 2016).

Hence, as the United States rightfully points out, Torres-Pacheco's trust on the Ninth Circuit's Quintero-Leyva decision is indeed "misplaced." See Docket No. 5, at 2. Finally, and most notably, Amendment 794 is not "among the listed Guideline Amendments that the Commission has made retroactively applicable to defendants on collateral review." Herrera, 2016 WL 6476290, at *1.

### III.  CONCLUSION

For the aforementioned reasons, the Court hereby **DENIES** Defendants' *Motion to Correct Sentence under 28 U.S.C. § 2255* (Docket No. 1). Judgment of dismissal is to be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of October, 2017.

/s/ DANIEL R. DOMÍNGUEZ
DANIEL R. DOMÍNGUEZ
U.S. District Judge